FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT, E.D.N.Y.
★ SEP 16 2009 ★
BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
SONY BMG MUSIC ENTERTAINMENT,
et al.,

                Plaintiffs,

-against-

GAIL THURMOND,

                Defendant.
----------------------------------------------------------X

REPORT AND
RECOMMENDATION

06 CV 1230 (DGT)(RML)

LEVY, United States Magistrate Judge:

By order dated June 17, 2009, the Honorable David G. Trager, United States District Judge, referred this matter to me for a Report and Recommendation on plaintiffs' motion for a default judgment. For the reasons stated below, I respectfully recommend that plaintiffs' motion be granted and that plaintiffs be awarded $7,500 in statutory damages and $250 in costs.

## BACKGROUND AND FACTS

Plaintiffs Sony BMG Music Entertainment, UMG Recordings, Inc., Arista Records LLC, Elektra Entertainment Group Inc., Priority Records LLC, BMG Music, and Virgin Records America, Inc. (collectively, "plaintiffs") commenced this action in March 2006 alleging violations of the Copyright Act, 17 U.S.C. § 101, et seq. (See Complaint, dated Mar. 17, 2006 ("Compl."), ¶¶ 13-15.) According to the complaint, defendant Gail Thurmond ("defendant") used an online media-distribution system to download and distribute sound recordings, violating plaintiffs' copyrights. (Compl. ¶ 15.) Defendant answered the complaint in May 2006. (See Answer, dated May 17, 2006.)

In February 2009, plaintiffs moved for sanctions and for entry of a default

judgment, on the ground that defendant had failed to participate in discovery or appear for several court-ordered conferences in this case. (See Plaintiffs' Notice of Motion for Sanctions and Entry of Default Judgment, dated Feb. 12, 2009.) Defendant failed to respond to plaintiffs' motion, and on June 17, 2009, Judge Trager referred the motion to me.

## DISCUSSION

A. Default Judgment

Federal Rule of Civil Procedure 37(b)(2) provides, in pertinent part:

> If a party . . . fails to obey an order to provide or permit discovery
> . . . or if a party fails to obey an order entered under Rule 26(f), the
> court in which the action is pending may make such orders in regard
> to the failure as are just, and among others . . . [a]n order . . .
> rendering a judgment by default against the disobedient party. . . .

It is thus well-settled that significant and repeated discovery violations warrant the imposition of sanctions, including entry of a default judgment. See Bambu Sales, Inc. v. Ozak Trading Inc., 58 F.3d 849, 853 (2d Cir. 1995) (upholding entry of default judgment against defendants who ignored magistrate judge's discovery order for five months); United States Freight Co. v. Penn Cent. Transp. Co., 716 F.2d 954, 954-55 (2d Cir. 1983) (per curiam) (upholding sanction of default judgment where defendant failed to comply with magistrate judge's discovery order despite proper notice); Maizus v. Weldor Trust Reg., 144 F.R.D. 34, 37 (S.D.N.Y. 1992) (entering default judgment against defendant for noncompliance with discovery orders). The propriety of sanctions is not lessened by the fact that a party is proceeding pro se. E.g., Valentine v. Museum of Modern Art, 29 F.3d 47, 50 (2d Cir. 1994) (affirming dismissal of pro se action where plaintiff repeatedly refused to appear for scheduled depositions); Bobal v. Rensselaer Polytechnic Inst., 916 F.2d 759, 766 (2d Cir. 1990) (affirming dismissal of pro se action because plaintiff had been

warned that failure to appear for deposition could result in dismissal); Minotti v. Lensink, 895 F.2d 100, 103 (2d Cir. 1990) (per curiam) ("'[A]ll litigants, including pro ses, have an obligation to comply with court orders'") (quoting McDonald v. Head Criminal Court Supervisor Officer, 850 F.2d 121, 124 (2d Cir. 1988)).

Entry of a default judgment is a harsh remedy and is limited to cases involving "'willfulness, bad faith, or any fault'" on the part of the disobedient party. Altschuler v. Samsonite Corp., 109 F.R.D. 353, 356 (E.D.N.Y. 1986) (quoting Societe Internationale pour Participations Industrielles et Commerciales, S.A. v. Rogers, 357 U.S. 197, 212 (1958)). However, as the Supreme Court has explained:

> [T]he most severe in the spectrum of sanctions provided by statute or rule must be available to the district court in appropriate cases, not merely to penalize those whose conduct may be deemed to warrant such a sanction, but to deter those who might be tempted to such conduct in the absence of such a deterrent.

Nat'l Hockey League v. Metro. Hockey Club, Inc., 427 U.S. 639, 643 (1976) (per curiam); see also Bambu Sales, 58 F.3d at 853 ("Although entry of a default judgment is an extreme measure, discovery orders are meant to be followed [and] '[a] party who flouts such orders does so at his peril.'") (quoting Update Art, Inc. v. Modiin Publ'g, Ltd., 843 F.2d 67, 73 (2d Cir. 1988)); Jones v. Niagara Frontier Transp. Auth., 836 F.2d 731, 735 (2d Cir. 1987) ("'[I]n this day of burgeoning, costly and protracted litigation courts should not shrink from imposing harsh sanctions where . . . they are clearly warranted.'") (quoting Cine Forty-Second St. Theatre Corp. v. Allied Artists Pictures Corp., 602 F.2d 1062, 1068 (2d Cir. 1979)); SD Prot., Inc. v. Del Rio, No. 06 CV 5571, 2008 WL 5102249, at *5 (E.D.N.Y. Nov. 21, 2008) ("'[U]nless Rule 37 [sanctions are] perceived as a credible deterrent rather than a paper tiger, the pretrial quagmire threatens to

engulf the entire litigative process.'" (quoting Cine Forty-Second St. Theatre Corp., 602 F.2d at 1064)).

In evaluating whether a default judgment is warranted, courts should consider the following factors: (1) the party's history of noncompliance; (2) whether the party had sufficient time to comply; and (3) whether the party had received notice that further delays would result in dismissal. Hollingsworth v. City of N.Y., No. 95 Civ. 3738, 1997 WL 91286, at *2 (S.D.N.Y. Mar. 4, 1997). Here, defendant's conduct warrants the imposition of a default judgment as a sanction for failure to comply with discovery requests and court orders.

After initially appearing in court and agreeing to respond to discovery demands, defendant failed to appear for a court-ordered conference on July 12, 2007. As a result, I rescheduled the conference for October 23, 2007 and warned defendant that her "[f]ailure to appear may result in sanctions, including possible entry of a default judgment." I also directed defendant to respond to plaintiffs' motion to compel discovery by August 10, 2007. (See Order, dated July 12, 2007.) On October 23, 2007, defendant again failed to appear. I issued an order granting plaintiffs' motion for discovery sanctions on the ground that defendant had "repeatedly failed to comply with orders of this court," directed defendant to appear for a deposition by November 26, 2007, and advised defendant that her failure to appear for a deposition, or to comply with any other court orders, would result in a recommendation to Judge Trager to enter a default judgment against her. (See Order, dated Oct. 23, 2007.)

The following day, I held a telephone conference with the parties, during which defendant claimed that she had not been notified of the previous day's scheduled conference and that she had not received a deposition notice from plaintiffs' counsel. I therefore vacated the

sanctions award, but directed defendant to confer with plaintiffs' counsel to arrange deposition dates, scheduled the next conference for January 11, 2008, and warned defendant that her failure to comply with "any aspect of this order may result in a recommendation that a default judgment be entered against her." (Order, dated Oct. 24, 2007.) Defendant did appear for the conference on January 11, 2008, and at additional conferences on April 2, 2008 and May 20, 2008, but then again failed to appear for a scheduled conference on November 7, 2008, at which plaintiffs' counsel reported that defendant had failed to return phone calls or appear for a deposition. I then rescheduled the conference for November 21, 2008 and again warned defendant that her failure to appear for her deposition or for the next conference could result in the imposition of sanctions, "including a possible recommendation that a default judgment be entered against her." (Order, dated Nov. 7, 2008.)

Defendant again failed to appear for the conference on November 21, 2008. At that point, I granted plaintiffs leave to move for a default judgment. Plaintiffs' submission describes in great detail their frustrated efforts to obtain discovery from defendant, including her refusal to appear for properly noticed depositions on agreed-upon dates, to respond to messages from plaintiffs' counsel, or to allow plaintiffs to conduct a court-ordered inspection of her computer hard drive. (See Pls.' Mem. at 3-6.) Plaintiffs also cite instances in which defendant provided patently false and misleading discovery responses. (See id. at 8-9.) Defendant has not responded to plaintiffs' motion, and I find her actions willful; despite numerous warnings, defendant has flouted court orders and has repeatedly refused to comply with her discovery obligations. I therefore recommend that a default judgment be entered against her.

B. Statutory Damages

The Copyright Act permits a copyright owner to elect to receive statutory damages instead of actual damages when the owner proves infringement. 17 U.S.C. § 504(c)(1). Plaintiffs here have so elected. (See Pls.' Mem. at 15.) The statute provides for a damage award between $750 and $30,000 for each violation, leaving the actual amount to the discretion of the court. 17 U.S.C. § 504(c)(1). Here, plaintiffs seek the minimum statutory award, *i.e.* $750 per infringed work. (See Pls.' Mem. at 16.) That request is reasonable. See 17 U.S.C. § 504(c)(1) (providing for "an award of statutory damages for all infringements involved in the action, with respect to any one work"); see also Twin Peaks Prods., Inc. v. Publ'ns Int'l, Ltd., 996 F.2d 1366, 1381 (2d Cir. 1993) ("The current statute shifts the unit of damages inquiry from number of infringements to number of works."). Thus, I respectfully recommend that plaintiffs be awarded $750 for each of the ten songs defendant illegally copied and distributed, for a total of $7,500.

2. Permanent Injunction

Plaintiffs also request entry of a permanent injunction. The statute permits such a remedy, but does not demand it. See 17 U.S.C. § 502(a) ("Any court . . . *may* . . . grant temporary and final injunctions on such terms as it may deem reasonable to prevent or restrain infringement of a copyright." (emphasis added)). To support a request for a permanent injunction against a copyright infringer, a plaintiff must demonstrate a likelihood of continued violation. Boisson v. Banian Ltd., 280 F. Supp. 2d 10, 15 (E.D.N.Y. 2003); Cent. Point Software, Inc. v. Global Software & Accessories, Inc., 880 F. Supp. 957, 966 (E.D.N.Y. 1995).

To establish the likelihood of future infringement, plaintiffs cite the number of songs defendant shared and state that defendant's sharing was "widespread and continuous."

(Pls.' Mem. at 17.) Attached to plaintiffs' complaint are images of defendant's file-sharing application, showing that defendant was sharing a variety of songs and other material from her computer. (See Compl., Ex. B.) However, plaintiffs have not made clear the relevance of the breadth of defendant's wrongdoing to the likelihood that she will continue to violate plaintiffs' copyrights. Thus, the "widespread" nature of defendant's conduct does not support plaintiffs' request for an injunction.

Were plaintiffs able to show that defendant's file-sharing activity actually has been "continuous," their case for a likelihood of continued violation would be stronger. However, plaintiffs' conclusory statement that defendant's activities are "continuous" is not adequately supported. Plaintiffs have not established that the monetary damages recommended above will be insufficient to deter future violations. In sum, plaintiffs have failed to carry their burden of showing that a permanent injunction is necessary. I therefore respectfully recommend that their request for an injunction be denied.

### 3. Costs

Plaintiffs also seek recovery of their costs of pursuing this suit. The Copyright Act permits, but does not require, such a recovery. See 17 U.S.C. § 505 ("[T]he court in its discretion may allow the recovery of full costs . . . ."). Plaintiffs seek recovery only of their $250 filing fee. (See Pls.' Mem. at 19.) Plaintiffs' request is reasonable. I therefore respectfully recommend that plaintiffs' request for $250 in costs be granted.

## CONCLUSION

For the foregoing reasons, I respectfully recommend that plaintiffs' motion for a default judgment be granted and that they be awarded $7,500 in statutory damages and $250 in costs. I also recommend that plaintiffs' request for injunctive relief be denied. Any objections to this Report and Recommendation must be filed with the Clerk of Court, with courtesy copies to Judge Trager and to my chambers, within ten (10) business days. Failure to file objections within the specified time waives the right to appeal the district court's order. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72, 6(a), 6(e).

Respectfully submitted,

s/Robert M. Levy

ROBERT M. LEVY
United States Magistrate Judge

Dated: Brooklyn, New York
September 16, 2009